UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. f/k/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY<br><br>**Plaintiff,**<br>v.<br><br>WYNDHAM HOTELS & RESORTS, INC., AKSHAR KRUPA INDIANA, L.L.C. d/b/a SUPER 8 MOTEL, and G.M., an individual<br><br>**Defendants.** | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff American Family Mutual Insurance Company, S.I. f/k/a American Family Mutual Insurance Company ("American Family"), by counsel and for its Complaint against Defendants Wyndham Hotels & Resorts, Inc. ("Wyndham"), Akshar Krupa Indiana, L.L.C. d/b/a Super 8 Motel ("Super 8"), and G.M., states as follows:

**Nature of the Action**

1. American Family brings this action pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to obtain a declaratory judgment stating that American Family is not obligated to provide coverage to Wyndham or Super 8 in connection with the underlying lawsuit pending in the United States District Court for the Southern District of Ohio, styled *G.M. v. Choice Hotels International, Inc., et al.*, Case No. 2:22-cv-3788 (the "Underlying Lawsuit").

1

## Parties, Jurisdiction, and Venue

2. American Family is an insurance company incorporated in Wisconsin with its principal place of business located in Wisconsin.

3. Wyndham is a Delaware corporation with its principal place of business located in New Jersey.

4. Super 8 is an Indiana limited liability company with its principal place of business located in Indiana. Based upon filings with the Indiana Secretary of State's Office and/or other publicly available information, Super 8 has three members: Dipak Gandhi, who is an individual domiciled in Indiana; Chetan Kana, who is an individual domiciled in Tennessee; and Sitaram Patel, who is an individual domiciled in Tennessee.

5. Based upon public filings, G.M. is an individual domiciled in Indiana. To date, G.M. has only been identified in the implicated filings by the initials: G.M. G.M. is named as a defendant in this action because she has, or may have, an interest that will be affected by the relief sought in this action.

6. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between American Family, Wyndham, Super 8, and G.M., and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, and/or a substantial part of property that is the subject of the action is situated, in this district.

## Factual Background

### *The Underlying Lawsuit*

8. Wyndham is a hotel and motel brand and franchisor.

9. Super 8 operates, or operated, a Super 8 motel located at 4033 E Southport Road in Indianapolis, Indiana (the "Motel") as a franchisee of Wyndham.

10. On October 24, 2022, G.M. filed a lawsuit against Wyndham and other defendants in the United States District Court for the Southern District of Ohio, styled *G.M. v. Choice Hotels International, Inc., et al.*, Case No. 2:22-cv-03788-ALM-EPD (defined above as the "Underlying Lawsuit"). A true and accurate copy of the Complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto, and incorporated herein, as **Exhibit A**.

11. In the Underlying Lawsuit, G.M. generally asserts claims relating to alleged human trafficking. Among other things, G.M. claims to be a victim of human trafficking that occurred at multiple locations, including the Motel, between August 2016 and October 2016.

12. The Underlying Complaint includes over one-hundred and eighty (180) numbered paragraphs and two (2) causes of action. G.M.'s allegations against Wyndham in the Underlying Complaint, include, among other things:

- "Plaintiff G.M. was subjected to sex trafficking at the Wyndham branded, Southport Road Super 8 located at 4033 E Southport Rd, Indianapolis IN 46237." (Ex. A, ¶ 81.)

- "Plaintiff was repeatedly raped and otherwise sexually abused thousands and thousands of times at the Southport Road Super 8 by Wyndham." (*Id.*, ¶ 86.)

- "[W]ith each stay at the Southport Road Super 8 by Wyndham, it resulted in several consistent red flags, including, but not limited to: Paying for stays in cash; Paying for extended stays on a day-by-day basis; Requesting a room away from other guests; Obvious signs of illegal drug use; Frequent requests for linen changes; Unusually large number of used condoms in the trash; Unusually large number of male visitors asking for G.M. and her traffickers at the front desk; Visible signs of prior and private physical abuse; Unusually large number of male visitors coming in and out of the room; Asking the front desk not to be disturbed; Women wearing clothing inappropriate for the weather; Loud noises of abuse or other emergency audible to staff or other rooms; and Loitering and soliciting on hotel grounds." (*Id.*, ¶ 85.)

- "These red flags were open and obvious to anyone working at the Southport Road Super 8 by Wyndham and lasted continuously for three months." (*Id.*, ¶ 87.)

- "Defendants profited from the sex trafficking of Plaintiff G.M. . . . The hotel staff, especially front desk staff, at Defendants['] properties knew or should have known of the obvious signs of G.M.'s trafficking." (*Id.*, ¶ 122.)

- "Defendants failed to take any steps to alert the authorities, properly intervene in the situation, or take reasonable security steps to stop reaping the benefits of sexual exploitation on their properties. Defendants maintained their deficiencies to maximize profits . . . ." (*Id.*, ¶ 129.)

- "As a direct and proximate result of these egregious practices on the part of the Defendants, G.M. and victims of sex trafficking and exploitation like her, have been permanently injured and damaged physically, emotionally, psychologically, and financially." (*Id.*, ¶ 130.)

- "At all relevant times, Defendants breached this duty [to not benefit financially or receive anything of value from a venture that they knew, or should have known, engaged in violating the TVPRA] by facilitating violations of the TVPRA through their participation in the harboring, maintaining, soliciting, and advertising of Plaintiff and her traffickers for the purposes of commercial sex induced by force, fraud, or coercion." (*Id.*, ¶ 170.)

- "Defendants have benefited as a result of these acts, omissions, and/or commissions by renting rooms and providing Wi-Fi to traffickers and customers, keeping operating costs low, maintaining the loyal customer base that fuels the supply and demand of sex trafficking, and limiting mandatory regulations. Moreover, on each occasion they received payment for rooms or received payments or kickbacks for internet usage, Defendants directly benefitted from the sex trafficking of Plaintiff when they knew or should have known violations of §1591(a) were occurring. The actions, omissions, and/or commissions alleged in this pleading were the 'but for' and proximate cause of Plaintiff's injuries and damages." (*Id.*, ¶ 171.)

- "Plaintiff has suffered substantial physical and psychological injuries as the result of being trafficked and sexually exploited at Defendants' hotels and properties." (*Id.*, ¶ 172.)

- "Plaintiff suffered 'personal injury' pursuant to 18 U.S.C. § 2255(a) as a result of those violations [of the Child Abuse Victims Rights Act]." (*Id.*, ¶ 176.)

- "Defendants knew or should have known that means of force, threats of force, fraud, coercion, or any combination of those means would be used to cause Plaintiff to engage in a commercial sex act, pursuant to 18 U.S.C. § 1591(a)(2)." (*Id.*, ¶ 178.)

- "Defendants knowingly benefited, financially or by receiving anything of value, from participation in ventures of renting rooms and providing Wi-Fi that recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and/or solicited Plaintiff to engage in commercial sex acts." (*Id.*, ¶ 180.)

- ". . . Defendants are jointly and severally liable to Plaintiff for compensatory damages and for punitive damages . . . ." (*Id.*, ¶ 181.)

13. The Underlying Complaint includes two causes of action against Wyndham.

14. Count I of the Underlying Complaint is brought under the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1595) (the "TVPRA"). In that Count, G.M. alleges in part that Wyndham breached its duties under the TVPRA through its "participation in the harboring, maintaining, soliciting, and advertising of Plaintiff and her traffickers for the purposes of commercial sex induced by force, fraud, or coercion[ ]" and that Wyndham "directly benefited from the sex trafficking" of G.M.

15. Count II of the Underlying Complaint is brought under the Child Abuse Victims' Rights Act (18 U.S.C. § 2255). In that Count, G.M. alleges in part that Wyndham "knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and/or solicited Plaintiff, pursuant to 18 U.S.C. 1591(a)(1), by providing her and her traffickers rooms in hotels and Wi-Fi used [sic] advertise [G.M.] and solicit customers affecting interstate commerce where authorities were unlikely to discover the injuries being sustained by [G.M.]" and that Wyndham "knowingly benefited, financially" from its participation in the ventures.

16. Through the Underlying Lawsuit, G.M. seeks various damages and relief from Wyndham, including (but not limited to): compensatory damages, punitive damages, disgorgement of profits, restitution, fees, and costs.

17. Super 8 is not named as a defendant in the Underlying Lawsuit.

### *The Policy*

18. American Family issued a Businessowners Policy, Policy No. 13X4243405, to Akshar Krupa Indiana LLC dba Super 8 Motel as the named insured, effective December 1, 2015 to December 1, 2016 (the "Policy"). A true and accurate copy of the Policy, with premium information redacted, is attached hereto, and incorporated herein, as ***Exhibit B***.

19. In part, the Policy provides "Business Liability" coverage on the terms set forth in the Policy.

20. In general, the "Business Liability" coverage part covers "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which [the] insurance applies."

21. The Policy gives American Family the "right and duty to defend the insured against any 'suit' seeking those damages."

22. However, the Policy does not require American Family to "defend the insured against any 'suit' seeking damages for 'bodily injury', 'property damage' or 'personal and advertising injury', to which [the] insurance does not apply."

23. According to the terms of the Policy, the insurance under the "Business Liability" coverage part applies:

> **(1)** To "bodily injury" and "property damage" only if:
>
> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(b)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.
>
> **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

6

24. The Policy also contains multiple conditions and exclusions, including (but not limited to): the "Expected Or Intended Injury" exclusion, the "Personal And Advertising Injury" exclusion, the "Criminal Acts" exclusion, and the "Duties In The Event Of Occurrence, Offense, Claim Or Suit" condition.

25. The Policy also contains multiple endorsements that modify the insurance provided under the Policy, including (but not limited to): the "Abuse or Molestation Exclusion" Endorsement and the "Exclusion – Punitive Damages" Endorsement.

26. The "Abuse or Molestation Exclusion" Endorsement states:

> This endorsement modifies insurance provided under the following:
>
> BUSINESSOWNERS COVERAGE FORM
>
> The following applies to Section **II** - Liability and supersedes any provision to the contrary:
>
> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> **(a)** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
> **(b)** The negligent:
>   **(i)** Employment;
>   **(ii)** Investigation;
>   **(iii)** Supervision;
>   **(iv)** Reporting to the proper authorities, or failure to so report; or
>   **(v)** Retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.

27. The "Exclusion – Punitive Damages" Endorsement states:

> This endorsement modifies insurance provided under the following:
>
> BUSINESSOWNERS COVERAGE FORM
>
> The following is added to Paragraph **B. Exclusions** in **Section II – Liability**:

This insurance does not apply to:

**Punitive Damages**
Punitive or exemplary damages.

28. The Policy also contains an "Additional Insured – Designated Person or Organization" Endorsement that modifies coverage under that Policy. That Endorsement states in part:

The following is added to Paragraph **C. Who Is An Insured** in **Section II – Liability**:

3. Any person(s) or organization(s) shown in the Schedule is also an additional insured, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations or in connection with your premises owned by or rented to you.

The Schedule in the Endorsement lists "SUPER 8 MOTELS INC CENDANT CORPORATION."

*Wyndham's Request For Coverage*

29. After G.M. filed the Underlying Lawsuit, Wyndham sent a letter to Super 8, stating in part that Super 8 was contractually obligated to indemnify and hold Wyndham harmless from and against any liability arising from Super 8's operation of the Motel and to further indemnify Wyndham for all fees, costs, and expenses it incurs in its defense of those matters.

30. Wyndham's letter also states that Wyndham expects Super 8 to cover all costs associated with Wyndham's defense in connection with the Underlying Lawsuit and any resulting liability.

31. Wyndham's letter also states that Super 8 was contractually obligated to purchase insurance covering Wyndham in connection with claims by third parties, including but not limited to the claims asserted in the Underlying Complaint. Wyndham requested copies of the insurance

policies procured by Super 8 which may provide coverage to Wyndham in connection with the claims asserted in the Underlying Complaint.

32. Subsequently, Wyndham sent a letter to American Family. In part, the letter demanded additional insured and insured contract coverage under the Policy in connection with the Underlying Lawsuit.

33. Pursuant to the plain terms of the Policy, and pursuant to public policy, American Family is not required to provide coverage to Wyndham under the Policy in connection with the Underlying Lawsuit.

34. Still, in response to Wyndham's request for coverage, American Family agreed to defend Wyndham in connection with the Underlying Lawsuit, subject to a full reservation of rights.

35. The parties disagree about their respective rights and obligations under the Policy, as they relate to the Underlying Lawsuit. In general, the Policy—pursuant to its terms and public policy—does not provide coverage to Wyndham or Super 8 in connection with the Underlying Lawsuit.

### *Request For Declaratory Relief (Policy)*

36. American Family repeats, realleges, and incorporates all preceding paragraphs of the Complaint as if fully stated herein.

37. Wyndham and American Family disagree about their respective rights and obligations under the Policy, as they relate to coverage for the Underlying Lawsuit, and a justiciable controversy exists between Wyndham and American Family regarding those rights and obligations.

38. Pursuant to its terms, including all exclusions, conditions, and endorsements, the Policy does not provide coverage for Wyndham in connection with the Underlying Lawsuit.

39. American Family seeks a declaration that the Policy does not provide coverage—defense or indemnity—to Wyndham in connection with the Underlying Lawsuit pursuant to its terms, including all exclusions, conditions, and endorsements.

### *Request For Declaratory Relief (Public Policy)*

40. American Family repeats, realleges, and incorporates all preceding paragraphs of the Complaint as if fully stated herein.

41. Wyndham and American Family disagree about their respective rights and obligations under the Policy, as they relate to coverage for the Underlying Lawsuit, and a justiciable controversy exists between Wyndham and American Family regarding those rights and obligations.

42. Public policy precludes coverage under the Policy for Wyndham in connection with the Underlying Lawsuit.

43. As a matter of public policy, there is no duty on American Family to defend or indemnify actions arising out of Wyndham's alleged conduct relating to human trafficking, as claimed in the Underlying Lawsuit.

44. American Family seeks a declaration that, as a matter of public policy, the Policy does not provide coverage—defense or indemnity—to Wyndham in connection with the Underlying Lawsuit.

### *Request For Declaratory Relief (Coverage To Super 8)*

45. American Family repeats, realleges, and incorporates all preceding paragraphs of the Complaint as if fully stated herein.

46. Wyndham has requested that Super 8 cover all costs associated with Wyndham's defense in connection with the Underlying Lawsuit and any resulting liability.

47. As the Policy does not provide coverage—defense or indemnity—to Wyndham in connection with the Underlying Lawsuit, as matter of public policy and pursuant to its terms, including all exclusions, conditions, and endorsements, American Family seeks a declaration that the Policy does not provide coverage to Super 8 in connection with Wyndham's demand to Super 8 for defense and indemnity in connection with the Underlying Lawsuit.

WHEREFORE, American Family requests: (1) a declaration stating that the Policy does not provide coverage—defense or indemnity—to Wyndham in connection with the Underlying Lawsuit pursuant to its terms, including all exclusions, conditions, and endorsements; (2) a declaration stating that, as a matter of public policy, the Policy does not provide coverage—defense or indemnity—to Wyndham in connection with the Underlying Lawsuit; (3) a declaration stating that the Policy does not provide coverage to Super 8 in connection with Wyndham's demand to Super 8 for defense and indemnity in connection with the Underlying Lawsuit; and (4) an award of all other just and proper relief for American Family.

Respectfully submitted,

ICE MILLER LLP

*/s/ Samuel B. Gardner*
Nicholas B. Reuhs (# 31181-49)
Samuel B. Gardner (#32825-29)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
nicholas.reuhs@icemiller.com
samuel.gardner@icemiller.com

*Counsel for Plaintiff*
*American Family Mutual Insurance*
*Company, S.I. f/k/a American Family*
*Mutual Insurance Company*

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff American Family Mutual Insurance Company, S.I. f/k/a American Family Mutual Insurance Company, by and through its legal counsel, respectfully demands and requests that all issues herein properly triable by jury be so tried.

Respectfully submitted,

ICE MILLER LLP

/s/ Samuel B. Gardner
Nicholas B. Reuhs (# 31181-49)
Samuel B. Gardner (#32825-29)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
nicholas.reuhs@icemiller.com
samuel.gardner@icemiller.com

*Counsel for Plaintiff*
*American Family Mutual Insurance Company, S.I. f/k/a American Family Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 19, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.

                                              */s/ Samuel B. Gardner*
                                              Samuel B. Gardner