UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. f/k/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTELS & RESORTS INC., AKSHAR KRUPA INDIANA, L.L.C. d/b/a SUPER 8 MOTEL, and G.M., an individual<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:24-cv-00506-MPB-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE IN OPPOSITION TO DEFENDANT G.M.'S MOTION TO DISMISS**

G.M. asks the Court to dismiss this action for two reasons, neither of which are availing and both of which contravene well-established precedent from this Court.

First, G.M. faults American Family for naming her as a defendant in the action—contending the Court should dismiss her as a dispensable party but overlooking the precedent from this Court requiring her inclusion in this action. In this Court, where an insurer files a declaratory judgment action regarding coverage for an underlying liability lawsuit, the insurer must name the injured claimant as a defendant. The injured claimant is not merely a "proper" or "interested party"—she is a "necessary" party. While G.M. attempts to rely on cases from other courts in seeking her dismissal, this Court requires injured parties like her to be included in coverage actions. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Reiswerg*, 1:10-cv-01044-SEB-MJD, 2011 WL 13234980, at *4 (S.D. Ind. Sep. 27, 2011) ("We agree with St. Paul. Injured parties such as Ms. Statom are necessary parties to a declaratory judgment action and must be joined . . . .").

1

In fact, if American Family had *not* named G.M. as a defendant, it would have risked the dismissal of this action for failure to join a necessary party. It also would have undermined the public policy considerations requiring her inclusion. Because any ruling obtained by American Family (or any other party, for that matter) in G.M.'s absence could not bind her, deciding this case without G.M. could lead to the waste of judicial resources and inconsistent rulings. If G.M. will agree to be bound by any ruling made in this action, American Family will not oppose dismissing her as a party. Absent that stipulation, G.M.'s Motion should be denied on this ground.

The only other basis G.M. offers for dismissing this action fails for a similarly well-established reason. In essence, G.M. argues the Court must dismiss (or stay) this action because it cannot decide American Family's duty to indemnify while G.M.'s underlying lawsuit remains pending. But under the circumstances alleged by American Family, Indiana courts—including this Court—have repeatedly ruled on an insurer's duty to indemnify while the underlying lawsuit remains pending. As those courts have explained, the insurer's duty to defend is broader than its duty to indemnify. If the court concludes the insurer has no duty to defend, it can also conclude the insurer has no duty to indemnify. The court does not need to waste judicial resources waiting for the underlying lawsuit to determine what is apparent based upon the record before it. As American Family intends to prove it does not have a duty to defend in connection with G.M.'s underlying lawsuit, it is not "premature" to seek a ruling on the duty to indemnify too. *See, e.g.*, *Lightning Rod Mut. Ins. Co. v. Bagshaw*, No. 4:18-cv-00216-RLY-DML, 2021 WL 11963037, at *5 (S.D. Ind. Mar. 16, 2021) (holding insurer "has no duty to defend or indemnify [insureds] in the lawsuit pending in the Washington Circuit Court under Cause No. 88C01-1807-CT-424.").

As neither of the arguments G.M. raises warrant the dismissal of this lawsuit, her Motion should be denied.

## I.     FACTUAL BACKGROUND

This lawsuit addresses whether American Family must provide any coverage in connection with G.M.'s underlying liability lawsuit (the "Underlying Lawsuit"). *See* Dkt. 35.[1]

Policy: American Family issued a businessowners policy to Akshar Krupa Indiana LLC dba Super 8 Motel ("Super 8"). Dkt. 35 ¶ 18; Dkt. 35-2 (the "Policy"). While the Policy provides certain coverage to Super 8, it does not require American Family to provide coverage for every lawsuit involving Super 8. *See generally* Dkt. 35-2. And the Policy does not expressly reference "Wyndham Hotels & Resorts, Inc."—as a named insured, additional insured, or otherwise. *Id.*

Underlying Lawsuit: In the Southern District of Ohio, G.M. filed a lawsuit against Wyndham Hotels & Resorts, Inc. ("Wyndham") (and other defendants), generally alleging that Wyndham bears liability for sexual trafficking that occurred at the Super 8 motel located at 4033 E Southport Road in Indianapolis (among other locations) (the "Underlying Lawsuit").[2] Dkt. 35 ¶¶ 8-17; Dkt. 35-1. Through the Underlying Lawsuit, G.M. seeks various damages and relief from Wyndham. Dkt. 35 ¶ 16; Dkt. 35-1. G.M. did not assert any claims against Super 8, and the Underlying Lawsuit does not name Super 8 as a defendant. Dkt. 35-1. However, Wyndham has demanded defense and indemnity from Super 8 in connection with the Underlying Lawsuit. Dkt. 35 ¶¶ 29-31.

Wyndham's Claim: Although the Policy does not expressly reference Wyndham, Wyndham nevertheless sought coverage under the Policy for the Underlying Lawsuit too. *Id*. ¶ 32. American Family agreed to defend Wyndham under a full reservation of rights. *Id.* ¶ 33.

---

[1] As G.M. correctly notes, in deciding a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), the Court accepts the plaintiff's well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Professional Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); Dkt. 43 at 7-8.

[2] For purposes of clarity, the Underlying Lawsuit is styled *G.M. v. Choice Hotels International, Inc., et al.*, Case No. 2:22-cv-03788-ALM-EPD and is currently pending in the United States District Court for the Southern District of Ohio. *See* Dkt. 35-1.

Although American Family has continued to defend Wyndham under a full reservation of rights, American Family has identified multiple reasons why the Policy does not provide coverage to Wyndham in connection with the Underlying Lawsuit. *See generally* Dkt. 35. For instance, the Policy includes an "Abuse and Molestation Exclusion" Endorsement that precludes coverage for G.M.'s sexual trafficking claims. *Id*. ¶ 26. And even if the terms of the Policy did not preclude coverage for Wyndham, public policy would. *Id*. ¶¶ 57-72.

Coverage Action: In this coverage action, American Family seeks declaratory relief relating to coverage for Wyndham in the Underlying Lawsuit. *See generally* Dkt. 35. In general, American Family maintains it is not required to provide any coverage—defense or indemnity—to Wyndham for the Underlying Lawsuit. *Id*. And because it does not owe any coverage to Wyndham, American Family also seeks a declaration that it does not owe any coverage to Super 8 in connection with Wyndham's demand to Super 8. *Id*.

## II.  STANDARD

G.M. seeks dismissal of American Family's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), and a motion to dismiss under that Rule tests the legal sufficiency of the complaint. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also* Dkt. 42; Dkt. 43 at 7 (Brief in Support of Motion to Dismiss at 4). Such a motion does not test the merits of the case. *Gibson*, 910 F.2d at 1520.

Dismissal of an action under this rule is warranted only if "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (quoting *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)). In other words, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff merely needs to assert factual

4

allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.  ARGUMENT

Both of G.M.'s arguments for dismissing this case fail under the well-established law of this Court.  G.M.'s first argument fails because this Court has ruled that an injured claimant is a necessary party in a declaratory judgment coverage action asserted by an insurer.  G.M.'s second argument fails because if American Family has no duty to defend for G.M.'s underlying lawsuit (as American Family asserts), it has no duty to indemnify either.  The Court should deny G.M.'s Motion and allow this case to proceed on its merits.

### A.  G.M. Is A Necessary Party

Primarily, G.M. tells the Court it should dismiss her because she has no interest in this case and is not a necessary party—an argument that relies upon inapplicable case law and ignores the opposite precedent from this Court.  Dkt. 43 at 8-9, 10-11 (Brief in Support of Motion to Dismiss at 5-6, 7-8).

In this Court, when an insurer files a declaratory judgment action to determine whether it owes coverage for an underlying liability lawsuit, the insurer must name the injured claimant as a defendant.  As the Court has explained, the injured claimant is a necessary party in the coverage action.  *See, e.g.*, *Reiswerg*, 2011 WL 13234980, at *4 (injured claimant was "necessary party" that "must be joined"); *Associated Indus. Ins. Co. v. Warren Harbor, LLC*, No. 1:19-cv-01370-JRS-MPB, 2020 WL 13882096, at *2 (S.D. Ind. Aug. 18, 2020) ("As the injured party, Richardson is a necessary party to a declaratory judgment action brought by the insurer Associated against the insured Warren Harbor when, as here, the insurer's motion seeks to determine policy coverage, not merely a duty to defend.") (cleaned up); *Cincinnati Ins. Co. v. Global Caravan Techs., Inc.*,

5

Case 1:24-cv-00506-MPB-MJD   Document 44   Filed 07/29/24   Page 6 of 13 PageID #: 501

No. 1:14-cv-01643-TWP-DML, 2017 WL 3866256, at *3 (S.D. Ind. Sep. 5, 2017) (injured claimant "is a necessary party" in declaratory judgment coverage action filed by insurer); *Westfield Ins. Co. v. Sheehan Constr. Co.*, 580 F. Supp. 2d 701, 719 (S.D. Ind. 2008) ("Injured parties have often been held to be necessary parties under Federal Rule of Civil Procedure 19 in declaratory judgment actions by insurance companies seeking to determine their liability."); *American Std. Ins. Co. v. Rogers*, 123 F. Supp. 2d 461, 467 (S.D. Ind. 2000) ("An injured third-party defendant has been held to be a necessary party (or a 'person needed for just adjudication' as described in Rule 19 of the Federal Rules of Civil Procedure) in a declaratory judgment action by an insurance company seeking to determine its liability arising from an occurrence between its insured and the injured party.").

Earlier this year, the Northern District of Indiana reiterated the public policy considerations underlying this general rule. *Society Ins. v. Blue Hill Hosp., Inc.*, No. 2:23-CV-194-PPS-JEM, 2024 WL 446452 (N.D. Ind. Feb. 5, 2024). As that court explained, for at least three reasons, the injured party constitutes a "necessary party" in a declaratory judgment action brought by an insurer:

(1) courts presume that the insured defendant will not adequately protect the injured party's interests;

(2) when the insurer seeks a declaration about policy coverage, there is the potential to eliminate a source of funds to compensate the injured party without any input from the injured party; and

(3) if the injured party is not joined, it will not be bound by the court's declaration, resulting in the relitigation of the same issues.

*Id.* at *3.

For its part, this Court has recognized the same reasons as supporting the same general rule. *See, e.g.*, *Reiswerg*, 2011 WL 13234980, at *4 (injured claimant must be joined as

6

4858-5034-8752.7

"necessary" party "to avoid inconsistent rulings"); *Global Caravan*, 2017 WL 3866256, at *2 (injured claimant is a "necessary" party because even if its interests were protected, any judgment rendered in its absence would be "inadequate" because it would not be "binding" upon the claimant).

As an insurer seeking declaratory judgment relating to coverage for an underlying lawsuit filed by G.M., American Family was required to name G.M. as a defendant. In fact, had American Family *not* named G.M. in this action, it could have risked dismissal of the action for failure to join a necessary party. *See, e.g.*, *Employers Mut. Cas. Co. v. Witham Sales & Serv., Inc.*, No. 2:08 cv 233, 2009 WL 4281457, at *6 (N.D. Ind. Nov. 23, 2009).

Moreover, the public policy reasons giving rise to the general rule apply equally here. Given G.M.'s claims against Wyndham and Wyndham's claim for coverage from American Family, G.M. has an interest relating to coverage under the Policy. While G.M.'s interest may align with Wyndham's or Super 8's, courts presume those otherwise adverse parties will not adequately protect G.M.'s interest in this case. *Id*. Among other things, courts assume G.M. will advocate for coverage more zealously than Wyndham or Super 8. *Id*. Thus, issuing a final ruling regarding coverage for G.M.'s claims without G.M. would undermine the public policy dictating that she should be heard on the issue. *Id*. Alternatively, if G.M. is dismissed and not bound to this Court's rulings, she could later seek to challenge those rulings through a separate lawsuit. Such an approach would waste judicial resources and could render this case meaningless. It could also lead to the type of inconsistent rulings federal courts seek to avoid.

Although G.M. cites several cases in arguing she has no interest in this case and is not a necessary party, nearly all of those cases were decided by courts in different jurisdictions and none of those cases meaningfully support dismissing G.M. in this action. Dkt. 43 at 8-9, 10-11 (Brief

in Support of Motion to Dismiss at 5-6, 7-8). In fact, certain of those cases support *American Family's* position. For instance, G.M. relies on *Midland Management. Co. v. American Alternative Insurance Corp.*—a case in which the Northern District of Illinois acknowledged the "line of Illinois cases that say, in general terms, that tort claimants are considered necessary parties to a declaratory-judgment action between insureds and insurers to determine insurance coverage." 132 F. Supp. 3d 1014, 1022 n.3 (N.D. Ill. 2015); *see also* Dkt. 43 at 8 (Brief in Support of Motion to Dismiss at 5).

G.M.'s other cases involve different issues, different courts, or both. For instance, in *Wells Fargo Clearing Servs. v. Prudential Annuities Life Assurance Corp.*, the Northern District of Illinois addressed the wholly different issue of whether an entity that had no responsibility for paying funds from a life insurance policy had standing to bring a declaratory judgment action to determine the proper beneficiary of the policy. No. 19-cv-06785, 2022 WL 952518, at *4 (N.D. Ill. Mar. 30, 2022); *see also* Dkt. 43 at 8 (Brief in Support of Motion to Dismiss at 5). Likewise, in *IGF Ins. Co. v. Cont'l Cas. Co.*—the unpublished decision G.M. cites from this Court—the Court determined it should sever claims against one defendant into a different action under Federal Rule of Civil Procedure 21 where the claims against that defendant were separate from the claims against the other parties. No. 1:01-cv-799-RLY-MJD, Docket Entry 382 (S.D. Ind. Mar. 30, 2012); *see also* Dkt. 43 at 8-9 (Brief in Support of Motion to Dismiss at 5-6). None of the cases suggest this lawsuit should be dismissed against G.M. under these circumstances.

Ultimately, regardless of what rules other courts have applied, this rule in this Court required American Family to name G.M. as a defendant. G.M.'s Motion should be denied on this ground.

B. American Family's Claims Are Not "Premature"

G.M.'s remaining argument—that American Family's request for a ruling regarding its duty to indemnify is "premature"—similarly contravenes the established precedent from this Court.

In Indiana, the duty to defend is broader than the duty to indemnify. *See Westfield Ins. Co. v. Gil Behling & Son, Inc.*, No. 2:08–CV–317–TS, 2010 WL 989933, at *14 (N.D. Ind. Mar. 15, 2010). Thus, if an insurer proves it has no duty to *defend* its insured in connection with an underlying case, it necessarily cannot have any duty to *indemnify* the insured either. *Id.* Accordingly, where an insurer seeks a declaration that its policy does not provide any coverage in connection with an underlying lawsuit, the insurer can obtain a ruling as to both duties before the underlying lawsuit concludes. *Id.*

Indeed, Indiana federal courts have issued countless rulings regarding an insurer's duty to indemnify for an underlying lawsuit even while that underlying lawsuit remains pending. *See, e.g.*, *Standard Mut. Ins. Co. v. Kidd*, 136 F. Supp. 2d 950, 952, 957 (S.D. Ind. 2001) (granting insurer's motion for summary judgment as to its duty to "defend and indemnify" insured while underlying lawsuit remained pending); *Bagshaw*, 2021 WL 11963037, at *5 (holding insurer "has no duty to defend or indemnify either Geneva Bagshaw or Stephen Bagshaw in the lawsuit pending in the Washington Circuit Court under Cause No. 88C01-1807-CT-424"); *Secura Ins. v. Cera Sports Corp.*, No. 1:19-cv-00643-RLY-MG, 2021 WL 5029521, at *2 (S.D. Ind. Sep. 3, 2021) (holding that insurer "has no duty to defend or indemnify" defendants in ongoing underlying lawsuit); *Gil Behling & Son*, 2010 WL 989933, at *14 (while underlying lawsuit was still pending, court ruled, "[h]aving determined that Westfield has no duty to defend . . . and considering that the duty to defend is broader than the duty to indemnify, it follows that Westfield has no duty to

9

indemnify GBS or Larry Behling. Consequently, Westfield is also entitled to a declaration that it has no duty to indemnify GBS or Larry Behling in the state civil lawsuit instituted by Gariup").

In *Secura*, for instance, the insurer sought declaratory judgment regarding its duty to defend and indemnify its insured in connection with an underlying lawsuit that alleged the insured molested a minor. 2021 WL 5029521, at *1-2. Specifically, the insurer alleged that multiple exclusions within the policy precluded coverage for the claims against the insurer, including the exclusion for injuries "expected or intended form the standpoint of the insured." *Id*. at *2. The court agreed, noting that the insured's sexual act fell within the exclusionary provision for injury expected or intended by the insured as a matter of law. *Id*. at *4. Although the underlying lawsuit remained pending, the court could determine that the policy precluded all coverage for the underlying lawsuit based on the record before it. *Id*. As a result, the court granted the insurer summary judgment and ruled that it had "no duty to defend or indemnify" its insured. *Id*.

In this coverage action, American Family asserts the Policy does not require it to defend or indemnify Wyndham in connection with the Underlying Lawsuit. And American Family raises grounds upon which the Court could reach such a determination long before the conclusion of the Underlying Lawsuit. Not only does American Family raise the same "expected or intended" argument as the insurer in *Secura*, it also raises other arguments that can similarly preclude coverage prior to the resolution of the Underlying Lawsuit. *See generally* Dkt. 35. For instance, American Family asserts that public policy precludes coverage under the Policy for the Underlying Lawsuit. *Id*. ¶¶ 57-72. If the Court agrees, the Court can determine that American Family has no duty to defend or indemnify Wyndham as soon as it reaches that conclusion. Requiring the Court to wait until the end of the Underlying Lawsuit to render that determination would waste judicial resources and contravene Indiana precedent.

Again, G.M. never attempts to distinguish the case law from this Court. Instead, she cites decisions from *Illinois* courts and advocates for a bright-line rule preventing any decision regarding an insurer's duty to indemnify while the underlying liability suit remains pending. Dkt. 43 at 9-10 (Brief in Support of Motion to Dismiss at 6-7). Of course, "there is no ironclad rule that deciding an insurer's obligation to indemnify is premature until the insured's liability has been adjudicated in the underlying action." *Society Ins. v. J.C. Builders, Inc.*, No. 2:10–CV–212 JVB, 2011 WL 766969, at *2 (N.D. Ind. Feb. 25, 2011). And none of the Illinois cases cited by G.M. prove that there is. Dkt. 43 at 9-10 (Brief in Support of Motion to Dismiss at 6-7).

Ultimately, based upon the allegations asserted by American Family and the precedent from this Court, American Family's Amended Complaint presents ripe claims regarding its duty to indemnify in the Underlying Lawsuit.

### C. G.M.'s Claim Do Not Require Complete Dismissal In Any Event

Importantly, even if G.M.'s arguments had merit, neither would warrant the dismissal of this lawsuit in its entirety. Rather, if the Court determines G.M. is not a necessary party, the appropriate result would the dismissal of G.M. as a party—not the dismissal of the entire lawsuit. Likewise, if the Court determines American Family's request for a declaration as to its duty to indemnify is premature, the appropriate result would be the dismissal (or stay) of only that portion of American Family's request. Its requests regarding its duty to defend, for instance, would remain ripe. At bottom, even if the Court rules in favor of G.M., it should not dismiss this case against all parties.

### IV. CONCLUSION

In short, G.M. raises only two arguments for dismissal—and both arguments contravene this Court's precedent. G.M. should not be dismissed because she is a necessary party to this

11

coverage action, as the injured claimant in the implicated underlying lawsuit. And American Family's claims are not premature given the nature of the claims and the Underlying Lawsuit. The Court should deny G.M.'s Motion.

                                      Respectfully submitted,

                                      ICE MILLER LLP

                                      *John D. French*
                                      Nicholas B. Reuhs (# 31181-49)
                                      Samuel B. Gardner (#32825-29)
                                      John D. French (#37629-53)
                                      ICE MILLER LLP
                                      One American Square, Suite 2900
                                      Indianapolis, IN 46282
                                      (317) 236-2100
                                      nicholas.reuhs@icemiller.com
                                      samuel.gardner@icemiller.com
                                      jd.french@icemiller.com

                                      *Counsel for Plaintiff*
                                      *American Family Mutual Insurance*
                                      *Company, S.I. f/k/a American Family*
                                      *Mutual Insurance Company*

4858-5034-8752.7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 29, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record thereby.

>                                    */s/  John D. French*
>                                    John D. French

4858-5034-8752.7