**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **AMERICAN FAMILY MUTUAL** | ) | |
| **INSURANCE COMPANY, S.I. f/k/a** | ) | |
| **AMERICAN FAMILY MUTUAL** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CASE NO. 1:24-cv-00506-MPB-MJD** |
| | ) | |
| **WYNDHAM HOTELS &** | ) | |
| **RESORTS INC.,** | ) | |
| **AKSHAR KRUPA INDIANA,** | ) | |
| **L.L.C. d/b/a SUPER 8 MOTEL, and** | ) | |
| **G.M., an individual** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RESPONSE IN OPPOSITION TO AKSHAR KRUPA INDIANA, L.L.C.'S MOTION TO DISMISS

Defendant Akshar Krupa Indiana, L.L.C. ("Krupa") asks this Court to dismiss Plaintiff American Family Mutual Insurance Company, S.I.'s ("American Family") Amended Complaint based solely upon the arguments raised in Defendant Wyndham Hotels & Resorts, Inc.'s ("Wyndham") Motion to Dismiss (Dkt. 45). Dkt. 47; Dkt. 48. But because Wyndham failed to state any grounds warranting the dismissal of the Amended Complaint, Krupa's Motion should fail too.

In one count of its Amended Complaint, American Family seeks a declaration that because the implicated insurance policy[1] does not provide coverage to Wyndham in connection with the Underlying Lawsuit,[2] the Policy does not provide coverage to Krupa in connection with

---

[1] The implicated policy is referred to herein as the "Policy" and was attached as an exhibit to the Amended Complaint. Dkt. 35-2.

[2] The term "Underlying Lawsuit" refers to the underlying lawsuit styled *G.M. v. Choice Hotels International, Inc., et al.*, Case No. 2:22-cv-03788-ALM-EPD, which is currently pending in the United States District Court for the Southern District of Ohio. *See* Dkt. 35-1.

1

Wyndham's demand to Krupa for defense and indemnity in connection with the Underlying Lawsuit. Dkt. 35 at ¶¶ 73-75. Simply put, if the claims against Wyndham in the Underlying Lawsuit do not trigger coverage under the Policy, then neither can Wyndham's claims for defense and indemnity to Krupa. Dkt. 35-2.

Although Krupa filed a separate Motion to Dismiss the Amended Complaint, Krupa relies entirely on the arguments raised in Wyndham's Brief. Dkt. 48. Indeed, Krupa "adopts and incorporates the arguments set forth in Wyndham's Motion and Brief" and asks the Court to dismiss the Amended Complaint solely for those reasons. *Id*.; *see also id*., n.2. Krupa offers no other basis to dismiss the Amended Complaint. Dkt. 48.

But as American Family explained in its Response to Wyndham's Motion, Wyndham fails to present any reason to dismiss the Amended Complaint. Dkt. 53. Indeed, American Family has properly stated claims against Wyndham, and those claims can be decided now. *Id*. Specifically, as set forth more fully in American Family's Response to Wyndham, American Family has stated claims that the allegations in the Underlying Lawsuit do not trigger coverage for Wyndham under the Policy in the first instance and that any such coverage would be barred even if it were triggered. *Id*. Further, as American Family explained in responding to both G.M. and Wyndham's Motions to Dismiss, because the Court can determine that American Family does not have any duty to provide a defense in connection with the Underlying Lawsuit, it can also determine that American Family does not have any duty to provide indemnity in connection with the Underlying Lawsuit. *Id*.; *see also* Dkt. 44.

Since Krupa fails to present any unique basis warranting the dismissal of the Amended Complaint, and since Wyndham's arguments fail, the Court should not dismiss the Amended Complaint. Just as Krupa adopted and incorporated the arguments set forth in Wyndham's Motion

and Brief, American Family adopts and incorporates the arguments set forth in American Family's Response to Wyndham (Dkt. 53) herein by reference.[3]

The Court should not dismiss the Amended Complaint, and Krupa's Motion should be denied.

Respectfully submitted,

ICE MILLER LLP

/s/ Samuel B. Gardner

Nicholas B. Reuhs (# 31181-49)
Samuel B. Gardner (#32825-29)
John D. French (#37629-53)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
nicholas.reuhs@icemiller.com
samuel.gardner@icemiller.com
jd.french@icemiller.com

*Counsel for Plaintiff*
*American Family Mutual Insurance*
*Company, S.I. f/k/a American Family*
*Mutual Insurance Company*

---

[3] *Mains v. Citibank, N.A.*, No. 4:15-cv-00036-SEB-WGH, 2016 WL 1270222, at *1, n. 1-2 (S.D. Ind. Mar. 31, 2016) (noting plaintiff incorporated response to motion to dismiss where defendant did the same), *aff'd as modified*, 852 F.3d 669 (7th Cir. 2017); *United States ex rel. Conroy v. Select Med. Corp.*, 211 F.Supp.3d 1132, 1136 n. 2 (S.D. Ind. 2016) (noting parties incorporated by reference the other's motion to dismiss).

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 9, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served on all counsel of record thereby.

*/s/ Samuel B. Gardner*_____
Samuel B. Gardner
