**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. (F/K/A AMERICAN FAMILY MUTUAL INSURANCE COMPANY) <br> Plaintiff <br> *v.* <br> WYNDHAM HOTELS & RESORTS, INC., AKSHAR KRUPA INDIANA, L.L.C. (D/B/A SUPER 8 MOTEL), and G.M., an individual <br> Defendants | CIVIL ACTION <br><br> NO. 1:24-cv-00506-MPB-MJD |
| AKSHAR KRUPA INDIANA, L.L.C. (D/B/A SUPER 8 MOTEL) <br> Defendant / Counterclaim Plaintiff <br> *v.* <br> AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I. (F/K/A AMERICAN FAMILY MUTUAL INSURANCE COMPANY) <br> Plaintiff / Counterclaim Defendant | |

**AKSHAR KRUPA'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT AND IN OPPOSITION TO AMERICAN FAMILY'S MOTION FOR
SUMMARY JUDGMENT**

Akshar Krupa, L.L.C. ("Akshar Krupa") submits this brief in support of its motion for

summary judgment (the "Motion") (1) declaring that Plaintiff American Family Mutual

Insurance Company, S.I. (f/k/a American Family Mutual Insurance Company) ("AFM") must

provide defense coverage to Wyndham Hotels & Resorts, Inc. ("Wyndham") and Super 8

Worldwide, Inc. (f/k/a Super 8 Motels, Inc.) ("SWI" and, collectively with Wyndham, the

"Wyndham Entities") in connection with an underlying action filed in the United States District

Court for the Southern District of Ohio captioned *G.M. v. Choice Hotels International, Inc., et

al.*, Case No. 2:22-cv-3788-ALM-EPD (the "Underlying Action"), as requested in Counts IV and

1

V of Akshar Krupa's Counterclaim;[1] (2) granting summary judgment in favor of Akshar Krupa on AFM's duty to indemnify or, in the alternative, dismissing without prejudice or staying as premature AFM's request for declaratory relief on the duty to indemnity; and (3) granting summary judgment in favor of Akshar Krupa that the policy does provide coverage to Akshar Krupa in connection with coverage for Wyndham because of the arguments identified as (1) and (2). Akshar Krupa also submits this brief in opposition to AFM's motion for summary judgment.

AFM seeks summary judgment (1) that it has no duty to defend or indemnify the Wyndham Entities in connection with the Underlying Action; and (2) that the insurance policy it issued to defendant Akshar Krupa, a franchisee of SWI, does not cover the Wyndham Entities' demand to Akshar Krupa for defense and indemnification in connection with the Underlying Action. For the reasons set forth herein, this Court should grant the Akshar Krupa's Motion and deny AFM's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I.     PRELIMINARY STATEMENT

On September 22, 2025, AFM moved for summary judgment against the Wyndham Entities[2] and Akshar Krupa[3] on all counts and counterclaims. The substance of AFM's argument in support of its motion for summary judgment against Akshar Krupa is, according to AFM, "stated in American Family's Brief in Support of Its Motion for Summary Judgment against Wyndham and S[W]I." Doc. No.148, p. 3 of 6.

---

[1] *See* Akshar Krupa Answer and Counterclaim, Doc. No. 70 (The "Counterclaim"), ¶¶ 100-109 (Count IV); 110-113 (Count V).

[2] *See* Doc. No. 145, AFM's Motion for Summary Judgment against Wyndham and SWI; Doc. No. 146, AFM's Brief in Support of Its Motion for Summary Judgment.

[3] *See* Doc. No. 147, AFM's Motion for Summary Judgment against Akshar Krupa; Doc. No. 148, AFM's Brief in Support of Its Motion for Summary Judgment.

Akshar Krupa and the Wyndham Entities seek the following relief: a declaration that AFM is obligated to provide insurance coverage in connection with the underlying lawsuit. AFM denies coverage based on overlapping grounds—primarily, its assertion that Wyndham is not entitled to coverage under the terms of the policy and principles of public policy and that there is no duty to indemnify because punitive damages are sought in the Underlying Action. AFM argues that there is no coverage for Akshar Krupa for the same reasons there is no coverage owed to Wyndham. Accordingly, the coverage arguments as to Akshar Krupa are derivative of coverage arguments as to Wyndham.

The Wyndham Entities have submitted their Motion and Brief in Support of Motion for Summary Judgment and in Opposition to American Family's Motion for Summary Judgment (hereinafter, "Wyndham's Motion" or "Wyndham's Brief"). Doc. No. 150; Doc. No. 151. Wyndham's Motion and Wyndham's Brief address each of the arguments asserted by AFM in its motions for summary judgment against Wyndham and Akshar Krupa. Akshar Krupa fully adopts and incorporates Wyndham's Brief in Support of Motion for Summary Judgment and in Opposition to American Family's Motion for Summary Judgment, as if fully set forth herein. Local Rule 7-1(b) requires that a motion for summary judgment under Fed. R. Civ. P. 56 be accompanied by a supporting brief. S.D. Ind. L.R.7-1; *see also* S.D. Ind. L.R. 56-1. Akshar Krupa files this brief to comply with this rule, but it incorporates the arguments set forth in Wyndham's Motion and Brief. To conserve judicial resources and promote procedural economy Akshar Krupa designates Wyndham's Brief as Akshar Krupa's accompanying brief.

## II.    ADDITIONAL STATEMENT OF MATERIAL FACTS

Although Akshar Krupa adopts and incorporates the arguments set forth in Wyndham's Motion and Brief, Akshar Krupa reserves all rights and arguments as to the interpretation of the parties' franchise agreement.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Meridian Fin. Advisors, Ltd. v. Pence*, 763 F. Supp. 2d 1046, 1054 (S.D. Ind. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

The nonmoving party bears the burden of proving that a genuine issue of material fact exists which precludes summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996). A genuine issue of material fact exists only if "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). Therefore, a court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant based on the designated admissible evidence. *Med. Protective Co. of Fort Wayne , Indiana v. Am. Int'l Specialty Lines Ins. Co.*, 911 F.3d 438, 445 (7th Cir. 2018) (citation omitted). "Proper interpretation of an insurance policy, even if it is ambiguous, generally presents a question of law that is appropriate for

4

summary judgment." *USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 512 (7th Cir. 2022) (citations and quotations omitted).

## IV.     ARGUMENT

Akshar Krupa fully adopts and incorporates the arguments from Wyndham's Brief in Support of Motion for Summary Judgment and in Opposition to American Family's Motion for Summary Judgment, as if fully set forth herein.

## V.     CONCLUSION

For the reasons stated herein (and in Wyndham's Brief in Support of Motion for Summary Judgment and in Opposition to American Family's Motion for Summary Judgment), the Court should find for Akshar Krupa and: (1) Deny AFM's Motion for summary judgment in its entirety; (2) grant summary judgment in favor of Akshar Krupa by declaring that: (a) with respect to AFM's duty to defend, AFM has breached its obligation to defend Wyndham and AFM is obligated to reimburse both Wyndham Entities' defense costs in connection with the Underlying Action; and (b) with respect to AFM's duty to indemnify, (i) grant summary judgment in favor of Wyndham or, (ii) in the alternative, dismiss AFM's Amended Complaint (Docket No. 35) without prejudice or stay the issue pending the resolution of the Underlying Action.

Dated:  October 20, 2025

Respectfully submitted,

/s/ *Mary Claire Tuohy*
Gregory M. Gotwald, Atty. No. 24911-49
Ryan T. Leagre, Atty. No. 32050-49
Mary Claire Tuohy, Atty. No. 37997-49
**Plews Shadley Racher & Braun LLP**
1346 N. Delaware St.
Indianapolis, IN 46202-2415
Tel: 317.637.0700
Fax: 317.534.3506
ggotwald@psrb.com
rleagre@psrb.com
mtuohy@psrb.com
*Attorneys for Akshar Krupa Indiana, LLC*
*d/b/a Super 8 Motel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was served electronically this 20th

day of October 2025.


Nicholas B. Reuhs
Samuel B. Gardner
John D. French
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
nicholas.reuhs@icemiller.com
jd.french@icemiller.com

*Attorneys for American Family Mutual Insurance Company, S.I. f/k/a American Family Mutual Insurance Company*

Charles P. Edwards
Lara Langeneckert
Kelsey Dilday Miller
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Charles.Edwards@btlaw.com
Lara.Langeneckert@btlaw.com
kelsey.dilday@btlaw.com

Erin D. Fleury
K&L Gates, LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613
erin.fleury@klgates.com

Donald W. Kiel
K&L Gates, LLP
One Newark Center, 10th Floor
Newark, NJ 07102
donald.kiel@klgates.com

*Attorneys for Wyndham Hotels & Resorts, Inc. and Super 8 Worldwide, Inc. (f/k/a Super 8 Motels, Inc.)*


*/s/ Mary Claire Tuohy*